IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN MCKEAN and MICHELE MCKEAN, | Docket No.: 3:12-cv-01206-RDM |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| NATIONWIDE INSURANCE COMPANY, | |
| Defendant. | |

**PLAINTIFFS' MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S "MOTION IN LIMINE
TO EXCLUDE PLAINTIFFS' EXPERT'S CONCLUSIONS OF LAW"**

**INTRODUCTION**

Stephen McKean and Michele McKean (collectively, "Plaintiffs"), by and through their counsel, Jeffrey P. Resnick of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., respectfully submit this memorandum of law in opposition to the "Motion in Limine to Exclude Plaintiffs' Expert's Conclusions of Law" ("Second Motion to Exclude") filed on behalf of Defendant Nationwide Insurance Company ("Nationwide"). Nationwide's Second Motion to Exclude should be denied.

**COUNTER-STATEMENT OF FACTS**

Nationwide's Second Motion to Exclude addresses a very narrow issue. The Plaintiffs have furnished expert reports authored by Daryl L. Ebersole, P.E., as well as a report authored by Joseph E. Myers, Sr., CFI ("Myers Report").[1] In the Myers Report, Mr. Myers criticized Nationwide's fire investigator Thomas Jones for not preserving the "linen-type cloth" that Mr. Jones alleged was one of the five origins of the subject fire. As set forth in the Myers Report,

---

[1] The Myers Report is attached to Nationwide's Second Motion to Exclude as Exhibit "A."

Mr. Jones identified the cloth as a point of origin and photographed it, but did not preserve it, as he was required to.

In support of his position, Mr. Myers cited ATSM 1188-11, which sets forth "Standard Practice for Collection and Preservation of Information and Physical Items by a Technical Investigator." Mr. Myers further cited NFPA 921, § 16.1, which makes clear that, during the course of any fire investigation, the fire investigator "is likely to be responsible for locating, collecting, identifying, storing, examining, and arranging for the testing of physical evidence," and NFPA 921, § 16.2.1, which in turn defines "physical evidence" as "any ... item that tends to prove or disprove a particular fact at issue" and makes clear that physical evidence "may be relevant to the issues of the origin, cause, spread or the responsibility for the fire."[2]

Mr. Myers ultimately concluded as follows: "This object, considered by Investigator Jones to be a 'point of origin', and identified as #41 in Investigator Jones photo log, should have been collected and preserved. This is clearly spoliation of evidence. Without this evidence, the insured is compromised to prove otherwise."

### COUNTER-STATEMENT OF QUESTION PRESENTED

**Question:** Should Mr. Myers be Prohibited from Testifying that Mr. Jones' Failure to Preserve the Cloth Violated the Professional Standards Governing Mr. Jones' Investigation of the Fire, and Complicated Mr. Myers' Investigation?

**Proposed Answer:** No.

### LEGAL ARGUMENT

In its Second Motion to Exclude, Nationwide argues that Mr. Myers' proposed testimony should be excluded on the sole ground that "an expert witness is prohibited from rendering a legal opinion."

---

[2] See Defendant's Second Motion to Exclude, Exhibit A, pages 8-9.

Context makes clear that Mr. Myers was not opining that spoliation occurred in a legal sense; instead, he was opining that Mr. Jones' failure to preserve the cloth violated ATSM 1188-11 and NFPA 921 and complicated Mr. Myers' investigation.[3]

Indeed, as previously stated, Mr. Myers criticized Mr. Jones for not preserving the "linen-type cloth" that he alleged was one of the five origins of the fire. According to Mr. Myers, Mr. Jones plainly saw and understood the importance of the cloth when conducting his investigation shortly after the fire: Mr. Jones photographed the cloth and subsequently concluded that it was one of five points of origin.

In support of Mr. Myers' criticism, Mr. Myers cited ATSM 1188-11, which sets forth "Standard Practice for Collection and Preservation of Information and Physical Items by a Technical Investigator." Mr. Myers further relied upon NFPA 921, § 16.1, which makes clear that, during the course of any fire investigation, the fire investigator "is likely to be responsible for locating, collecting, identifying, storing, examining, and arranging for the testing of physical evidence," and NFPA 921, § 16.2.1, which in turn defines "physical evidence" as "any ... item that tends to prove or disprove a particular fact at issue" and makes clear that physical evidence "may be relevant to the issues of the origin, cause, spread or the responsibility for the fire."[4]

In Mr. Myers' words, "This object, considered by Investigator Jones to be a 'point of origin', and identified as #41 in Investigator Jones photo log, should have been collected and preserved. This is clearly spoliation of evidence. Without this evidence, the insured is compromised to prove otherwise."

Concededly, Mr. Myers cannot testify that Mr. Jones' failure to preserve the cloth constitutes "spoliation of evidence" in the legal sense. Nevertheless, context makes clear that

---

[3] See Defendant's Second Motion to Exclude, Exhibit A, pages 8-9.
[4] See Defendant's Second Motion to Exclude, Exhibit A, pages 8-9.

Mr. Myers was not opining that spoliation occurred in the legal sense; instead, he was opining that Mr. Jones' failure to preserve the cloth violated controlling professional standards governing a fire investigation and complicated Mr. Myers' investigation. Indeed, the language in question should simply be read as providing fair notice to Nationwide that Mr. Myers plans to testify that (a) the controlling professional standards governing fire investigations obligated Mr. Jones to preserve the cloth in question; (b) Mr. Jones failed to do so; and (c) this complicated Mr. Myers' ability to investigate. Thus, the Second Motion to Exclude should be denied.

## CONCLUSION

For the foregoing reasons, the Second Motion to Exclude should be denied in its entirety.

Dated: Wednesday, April 30, 2014

Respectfully submitted,

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By: /s/ Jeffrey P. Resnick
Jeffrey P. Resnick
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: 856-662-0700
Facsimile: 856-488-4744
jresnick@shermansilverstein.com

*Attorneys for Plaintiffs Stephen McKean and Michele McKean*